of earlier service credited to a competitor who was unknown to them when they were first employed. Nor should the needs of the Police Department itself be overlooked. The board's approach supplies an incentive for employees to serve continuously, which in turn facilitates planning and reduces the costs of employee turnover. Also, other things being equal, a man who has acquired experience through continuous service may be of greater value to the department than one who has interrupted his service and who may have to substantially relearn his job upon returning to the force. Since seniority points are a form of reward for the knowledge and efficiency which attend experience, it is reasonable that the employee with continuous service should be preferred to the one who has voluntarily interrupted his service.

The board's interpretation and application of its rule 111-D-7 to require that credit for seniority be based on continuous service were reasonable, and the judgment will be affirmed.

Affirmed.

McNAMARA, P. J., and McGLOON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELLIOT TAYLOR, Defendant-Appellant.

(No. 58536;

First District (3rd Division)—November 7, 1974.

PER CURIAM.

Paul Bradley, of State Appellate Defender's Office, of Chicago (Shelvin Singer and Donald R. Brandon, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Jerome Charles Randolph, and John J. Verscaj, Assistant State's Attorneys, of counsel), for the People.